IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN JOHNAKIN, individually and on behalf of all others similarly situated | : <br> : <br> : |
| Plaintiff, | : Case No. 2:20-CV-04055 <br> : |
| vs. | : <br> : |
| UNITED STATES POSTAL SERVICE, LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service, DONALD J. TRUMP, in his official Capacity as President of the United States of America | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### Facts and Nature of the Case

1. In March of 2020, it became apparent that our country was being attacked by a viral pandemic.

2. The COVID-19 pandemic is a deadly airborne virus that is classified as highly contagious. As of today, 175,000 Americans have died and many more have become seriously ill. These numbers continue to grow. There is no cure and there is no vaccine.

3. To combat the COVID-19 pandemic, many state and local governments have put restrictions on people's gathering and movement.

4. As a result thereof, Pennsylvania's upcoming elections are occurring in the middle of a severe public health crisis. In order to exercise the fundamental right to vote, many voters have and will utilize any and all available means to vote by mail rather than in person at a polling place. Advanced planning and proactive measures will be necessary to ensure that Pennsylvania

voters have sufficient access to vote by mail to preserve and protect the essential right to vote and prevent large-scale disenfranchisement.

5.      Nevertheless, despite the increased need for Pennsylvania voters to vote by mail and the strain already imposed by the COVID-19 pandemic, the United States Postal Service has taken actions in the form of operational changes which will result in widespread, multiple-day delays in mail delivery and deprive Pennsylvania voters of the fundamental right to vote and have that vote counted.

6.      The actions taken by the United States Postal Service at the behest of Postmaster General Louis DeJoy ("DeJoy") and President Donald J. Trump since as early as June 2020 include, but are not limited to, reducing staff hours, prohibiting overtime, removing hundreds of high-volume mail-processing machines from facilities across the country and removing mail boxes in urban areas with high concentrations of minority, low income and democratic voters.

7.      These actions follow the appointment of DeJoy, a Republican Party and Trump campaign megadonor, in May 2020 as Postmaster General and his assumption of the office on or about June 16, 2020.

8.      These actions also arise in an environment subject to repeated claims by President Donald J. Trump that voting by mail is ripe with fraud, despite having no evidence in support of these claims, and lawsuits filed by the Trump campaign to stop mail-in voting in states such as Nevada and Pennsylvania.

9.      These actions have already led to delays in the delivery of mail.[1] Additionally, the Unites States Postal Service has indicated that it may not be able to return mail-in ballots which

---

[1] https://www.inquirer.com/news/philadelphia/usps-tracking-in-transit-late-mail-delivery-philadelphia-packages-postal-service-20200802.html

were completed and mailed in a timely manner to Pennsylvania election officials in accordance with Pennsylvania's return deadline. See correspondence dated July 29, 2020 attached hereto as Exhibit "A" and incorporated herein by reference.

10. As Pennsylvanians are increasingly forced to turn to absentee or mail-in voting, made possible by new legislation that expanded vote by mail to all eligible voters ("Act 77"), they will encounter numerous obstacles created by the actions of the United States Postal Service that, unless enjoined, will disenfranchise significant numbers of voters and violate state and/or federal law, including the constitutional guarantee to a free and fair election.

11. For instance, Pennsylvania law requires that all mail ballots must be delivered to election officials by 8:00 p.m. on Election Day ("Election Day Receipt Deadline"). See 25 P.S. §§ 3146.6(c), 3150.16(c). Pennsylvania law also prohibits voters from obtaining assistance from third parties in mailing or submitting ballots in person, and requires that ballots be returned by mail or delivered by the voter, unless the voter is disabled. See 25 P.S. §§ 3146.6(a); 3150.16(a). This restriction burdens the franchise for countless Pennsylvanians who lack access to reliable mail service and cannot safely deliver their ballots in person, and denies historically disadvantaged communities, along with those attempting to navigate the mail-in voting process for the first time, the necessary assistance required to ensure timely delivery of their ballots.

12. The current mail voting process in Pennsylvania is not equally accessible to all eligible citizens, particularly those in disadvantaged communities, the poor, the elderly, and other vulnerable populations. Many of these individuals have historically relied on in-person voting, which will be severely restricted (and may pose significant health risks) in upcoming elections.

13. Since mail-in ballots must be received by 8:00 p.m. on Election Day, voters must mail them several days before Election Day to ensure timely delivery, with this date effectively

operating as a *de facto* pre-election cutoff date. However, in light of the disruptions in mail delivery caused by the actions of the U.S. Postal Service, the pre-election cutoff date by which voters should mail their ballots to ensure timely delivery is entirely unclear, subjecting voters to arbitrary disenfranchisement.

14. In light of Act 77's expansion of mail-in voting, and the barriers to in-person voting posed by the COVID-19 pandemic, the number of Pennsylvanians voting by mail will increase dramatically in the upcoming elections. However, their ballots will be subject to the vagaries of the U.S. Postal Service, thereby causing Plaintiff and many Pennsylvanians who vote by mail to face an impermissible risk of arbitrary disenfranchisement, in violation of their constitutional rights.

15. The disruptions in mail delivery caused by the actions of the U.S. Postal Service require additional protections for voters whose ballots are delayed through no fault of their own. This would ensure that all Pennsylvania voters have reasonable and equal access to the electoral process, and an equal chance to vote by mail during this difficult and unprecedented crisis, by removing unnecessary impediments to voting by mail that will otherwise deny Pennsylvania citizens the free and equal election guaranteed by the United States and Pennsylvania Constitutions.

16. To protect the right to vote and ensure a meaningful, free, and fair election in the midst of the current pandemic, as required by the United States and Pennsylvania Constitutions, safeguards must be implemented to ensure that all voters have an opportunity to submit mail ballots and to have those ballots counted.

17. The disruptions in the voting process caused by the actions of the United States Postal Service require that additional voting procedures be implemented which would allow

election officials to count mail ballots that arrive after 8:00 p.m. on Election Day due to mail service delays or disruptions.

18. Otherwise, mail-in ballots will not provide an adequate alternative means for Pennsylvanians to vote in light of the impact of the COVID-19 pandemic on the ability to vote in the November 3, 2020 General Election, leaving Pennsylvania voters subject to widespread disenfranchisement.

19. Plaintiff therefore requests that the Court afford the relief requested herein by Plaintiff in order to prevent widespread disenfranchisement and ensure that voters have a meaningful opportunity to participate in the electoral process.

## PARTIES

20. Plaintiff Melvin Johnakin is a voter in Philadelphia, Pennsylvania and an independent candidate for the office of Representative in Congress for the 3rd Congressional District who is seeking to be on the ballot in the November 3, 2020 General Election.

21. Defendant United States Postal Service is, pursuant to 39 U.S.C. § 101, an independent establishment of the executive branch of the United States Government.

22. Defendant Louis DeJoy is the Postmaster General of the United States Postal Service. Plaintiff asserts his claims against Defendant DeJoy is his official capacity only.

23. Defendant Donald J. Trump is the President of the United States of America. Plaintiff asserts his claims against Defendant Trump is his official capacity only.

24. At all times relevant to this action, Defendants were engaged in state action under color of state law.

25. Defendants are being sued for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as costs and attorney's fees under 42 U.S.C. § 1988(b).

**JURISDICTION AND VENUE**

26. Jurisdiction in this case is predicated on 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 1983, this being a case arising under the Constitution of the United States and involves a federal election. Also, this Court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367.

27. Venue is proper in this District under 28 U.S.C. 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

28. Declaratory relief is available to Plaintiff pursuant to 28 U.S.C. §§ 2201 and 2202.

29. This Court has the power to properly redress Plaintiff's injuries by issuing injunctive and declaratory relief as requested by Plaintiff.

**FIRST CAUSE OF ACTION**

**FIRST AND FOURTEENTH AMENDMENTS**

30. Plaintiff incorporates herein by reference each of the foregoing paragraphs and allegations as though the same were set forth in full herein at length.

31. Voting is a fundamental right protected by the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment protects the right of qualified citizens to vote in state elections involving federal candidates. Harper v. Virginia State Board of Elections, 383 U.S. 663, 665 (1966). See also Reynolds v. Sims, 377 U.S. 533, 554 (The Fourteenth Amendment protects the "the right of all qualified citizens to vote, in state as well as in federal elections.").

32. Included within the right to vote is the right of qualified voters within a state to cast their ballots and have them counted, if they are validly cast. United States v. Classic, 313 U.S. 299, 315 (1941).

33. The Fourteenth Amendment protects the right to vote from conduct by state officials which seriously undermines the fundamental fairness of the electoral process. <u>Marks v. Stinson</u>, 19 F.3d 873, 889 (3d Cir. 1994); <u>Griffin v. Burns</u>, 570 F.2d 1065, 1077-78 (1st Cir. 1978).

34. By engaging in the actions and conduct as set forth hereinabove, Defendants have caused the United States Postal Service to infringe upon the right to vote as secured to Plaintiff and violate rights guaranteed to Plaintiff by the First and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

35. Defendants have acted and will continue to act under color of state law to violate the right to vote as secured by the First and Fourteenth Amendments to the United States Constitution.

36. A real and actual controversy exists between the parties.

37. Plaintiff has no adequate remedy at law other than this action for declaratory and equitable relief.

38. Plaintiff will suffer serious and irreparable harm to his constitutional rights as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## **SECOND CAUSE OF ACTION**

## **FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE**

39. Plaintiff incorporates herein by reference each of the foregoing paragraphs and allegations as though the same were set forth in full herein at length.

40. The equal enforcement of election laws is necessary to preserve our most basic and fundamental rights.

41.     The Equal Protection Clause prevents the government from treating similarly situated voters differently without a compelling justification for doing so. Bush v. Gore, 531 U.S. 98, 104-05 (2000) ("[H]aving once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."

42.     "[A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction." Gray v. Sanders, 372 U.S. 368, 380 (1963).

43.     The requirement of equal treatment is particularly stringently enforced as to laws that affect the exercise of fundamental rights, including the right to vote.

44.     By engaging in the actions and conduct as set forth hereinabove, Defendants have caused the United States Postal Service to infringe upon the equal protection rights of Plaintiff and all qualified Pennsylvania voters who seek to vote in the November 3, 2020 General Election, whether in person or by mail, thereby violating rights guaranteed to Plaintiff by the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

45.     Defendants have acted and will continue to act under color of state law to violate the Equal Protection Clause of the United States Constitution.

46.     A real and actual controversy exists between the parties.

47.     Plaintiff has no adequate remedy at law other than this action for declaratory and equitable relief.

48.     Plaintiff will suffer serious and irreparable harm to his constitutional rights as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

**DEMAND FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1. Assume original jurisdiction over this case;

2. Issue an order or declaratory judgment requiring that ballots delivered after the Election Day Receipt Deadline due to mail delivery delays or disruptions are counted if received within seven days of Election Day;

3. Issue a preliminary and permanent injunction requiring Defendants to treat all mail-in ballots as Priority Mail and deliver the same to elections officials on an expedited basis;

4. Issue a preliminary and permanent injunction requiring Defendants to rescind any and all operational changes implemented from June 2020 to the present;

5. Issue a preliminary and permanent injunction requiring Defendants to take all necessary steps to ensure that absentee and other mail-in ballots are delivered to election officials in a timely manner;

6. Issue a preliminary and permanent injunction enjoining Defendants from engaging in conduct such as reducing staff hours, prohibiting overtime, closing mail processing centers, removing or idling mail sorting machines from postal facilities, instructing mail carriers to leave mail behind and removing or locking mail boxes prior to the November 3, 2020 General Election; and otherwise enjoining Defendants from taking any actions which would delay the delivery of mail to elections officials by November 3, 2020;

7. Order Defendants to pay to Plaintiff's costs and reasonable attorney's fees under 42 U.S.C. § 1988(b);

8. Retain jurisdiction over this matter to ensure that Defendants comply with this Court's directives; and

9. Provide to Plaintiff any and all additional relief the Court deems just and appropriate under the circumstances.

                              Respectfully submitted,

                              VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN

                              /s/ Michael T. van der Veen

DATE: 8/19/2020          BY:     _____

                              Michael T. van der Veen, Esquire
                              Attorney for Plaintiff
                              Attorney ID No. 75616
                              1219 Spruce Street
                              Philadelphia, PA 19107
                              P: 215-546-1000
                              F: 215-546-8529
                              E: mtv@mtvlaw.com