IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN JOHNAKIN, individually and on behalf of all others similarly situated | : <br> : <br> : |
| Plaintiff, | :    Case No. 2:20-CV-04055 <br> : |
| vs. | : <br> : |
| UNITED STATES POSTAL SERVICE, LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service, DONALD J. TRUMP, in his official Capacity as President of the United States of America | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## **PROPOSED ORDER**

AND NOW, this _____ day of _____, 2020, upon consideration of Plaintiff's Motion for a Preliminary Injunction, any opposition thereto, as well as the evidence and argument presented by the Parties, it is hereby ORDERED and DECREED that Plaintiff's Motion for a Preliminary Injunction is GRANTED.

It is further ORDERED and DECREED that Defendants United States Postal Service, Louis DeJoy, in his official capacity as Postmaster General of the United States Postal Service, Donald J. Trump, in his official capacity as President of the United States of America, and their agents, designees and subordinates, as well as any person, government agency or government entity acting in concert or participation with them, are hereby enjoined from:

1. Enforcing or continuing to enforce the operational and policy changes adopted and/or implemented by Defendants from June 2020 to the present;

2. Engaging in conduct such as reducing staff hours, prohibiting overtime, prohibiting late trips or prohibiting late trips prior to the November 3, 2020 General Election;

3. Engaging in conduct such as closing mail processing centers, removing or idling mail sorting machines from postal facilities, instructing mail carriers to leave mail behind and removing or locking mailboxes prior to the November 3, 2020 General Election; and

4. Taking any actions which would delay the delivery of mail to elections officials by November 3, 2020.

It is further ORDERED and DECREED that Defendants United States Postal Service, Louis DeJoy, in his official capacity as Postmaster General of the United States Postal Service, Donald J. Trump, in his official capacity as President of the United States of America, and their agents, designees and subordinates, as well as any person, government agency or government entity acting in concert or participation with them, are hereby directed to:

1. Treat all mail-in ballots as Priority Mail and deliver the same to elections officials on an expedited basis;

2. Rescind any and all operational and policy changes adopted and/or implemented by Defendants from June 2020 to the present; and

3. Take all necessary steps to ensure that absentee and other mail-in ballots are delivered to election officials in a timely manner by November 3, 2020.

BY THE COURT:

_____
ANITA B. BRODY
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN JOHNAKIN, individually and on behalf of all others similarly situated | : : : | |
| Plaintiff, | : : | Case No. 2:20-CV-04055 |
| vs. | : : | |
| UNITED STATES POSTAL SERVICE, LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service, DONALD J. TRUMP, in his official Capacity as President of the United States of America | : : : : : : : | |
| Defendants. | : | |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Plaintiff, Melvin Johnakin, by and through his undersigned counsel, respectfully requests that this Court enter a Preliminary Injunction against Defendants pursuant to Federal Rule of Civil Procedure 65. Plaintiff's Motion is supported by his Memorandum of Law, attached hereto, and incorporated herein by reference as if set forth herein at length.

Respectfully Submitted,

DATE: 9/18/20     BY: /s/ Michael T. van der Veen_____
  Michael T. van der Veen, Esq.
  Attorney for Plaintiff
  Attorney ID No. 75616
  1219 Spruce Street
  Philadelphia, PA 19107
  P: 215-546-1000
  F: 215-546-8529
  E: mtv@mtvlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELVIN JOHNAKIN, individually and on behalf of all others similarly situated,  Plaintiff, vs. UNITED STATES POSTAL SERVICE, LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service, DONALD J. TRUMP, in his official Capacity as President of the United States of America  Defendants. | Case No. 2:20-CV-04055 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**I.   INTRODUCTION**

Plaintiff Melvin Johnakin is a voter in Philadelphia, Pennsylvania and an independent candidate for the office of Representative in Congress for the 3rd Congressional District who is seeking to be on the ballot in the November 3, 2020 General Election.

For the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court enter a Preliminary Injunction against Defendants in accordance with the Proposed Order submitted herewith. Plaintiff's hereby submits this Memorandum of Law in support of his Motion.

**II.   STATEMENT OF THE FACTS**

In March of 2020, it became apparent that our country was being attacked by a viral pandemic. The COVID-19 pandemic is a deadly airborne virus that is classified as highly contagious. As of today, approximately 194,000 Americans have died and many more have

become seriously ill. These numbers continue to grow. There is no cure and there is no vaccine. To combat the COVID-19 pandemic, many state and local governments have put restrictions on people's gathering and movement.

As a result thereof, Pennsylvania's upcoming elections are occurring in the middle of a severe public health crisis. In order to exercise the fundamental right to vote, many voters have and will utilize any and all available means to vote by mail rather than in person at a polling place. Advanced planning and proactive measures will be necessary to ensure that Pennsylvania voters have sufficient access to vote by mail to preserve and protect the essential right to vote and prevent large-scale disenfranchisement.

Nevertheless, despite the increased need for Pennsylvania voters to vote by mail and the strain already imposed by the COVID-19 pandemic, the United States Postal Service has taken actions in the form of operational changes which will result in widespread, multiple-day delays in mail delivery and deprive Pennsylvania voters of the fundamental right to vote and have that vote counted.

The actions taken by the United States Postal Service at the behest of Postmaster General Louis DeJoy ("DeJoy") and President Donald J. Trump since as early as June 2020 include, but are not limited to, reducing staff hours, prohibiting overtime, removing hundreds of high-volume mail-processing machines from facilities across the country and removing mail boxes in urban areas with high concentrations of minority, low income and democratic voters.

These actions follow the appointment of DeJoy, a Republican Party and Trump campaign megadonor, in May 2020 as Postmaster General and his assumption of the office on or about June 16, 2020. These actions also arise in an environment subject to repeated claims by President Donald J. Trump that voting by mail is ripe with fraud, despite having no evidence in support of

these claims, and lawsuits filed by the Trump campaign to stop mail-in voting in states such as Nevada and Pennsylvania.

These actions have already led to delays in the delivery of mail.[1] Additionally, the United States Postal Service has indicated that it may not be able to return mail-in ballots which were completed and mailed in a timely manner to Pennsylvania election officials in accordance with Pennsylvania's return deadline. See correspondence dated July 29, 2020 attached hereto as Exhibit "A" and incorporated herein by reference.

As Pennsylvanians are increasingly forced to turn to absentee or mail-in voting, made possible by new legislation that expanded vote by mail to all eligible voters ("Act 77"), they will encounter numerous obstacles created by the actions of the United States Postal Service that, unless enjoined, will disenfranchise significant numbers of voters and violate state and/or federal law, including the constitutional guarantee to a free and fair election.

For instance, Pennsylvania law requires that all mail ballots must be delivered to election officials by 8:00 p.m. on Election Day ("Election Day Receipt Deadline"). See 25 P.S. §§ 3146.6(c), 3150.16(c). Pennsylvania law also prohibits voters from obtaining assistance from third parties in mailing or submitting ballots in person, and requires that ballots be returned by mail or delivered by the voter, unless the voter is disabled. See 25 P.S. §§ 3146.6(a); 3150.16(a). This restriction burdens the franchise for countless Pennsylvanians who lack access to reliable mail service and cannot safely deliver their ballots in person, and denies historically disadvantaged communities, along with those attempting to navigate the mail-in voting process for the first time, the necessary assistance required to ensure timely delivery of their ballots.

---

[1] https://www.inquirer.com/news/philadelphia/usps-tracking-in-transit-late-mail-delivery-philadelphia-packages-postal-service-20200802.html

The current mail voting process in Pennsylvania is not equally accessible to all eligible citizens, particularly those in disadvantaged communities, the poor, the elderly, and other vulnerable populations. Many of these individuals have historically relied on in-person voting, which will be severely restricted (and may pose significant health risks) in upcoming elections.

Since mail-in ballots must be received by 8:00 p.m. on Election Day, voters must mail them several days before Election Day to ensure timely delivery, with this date effectively operating as a *de facto* pre-election cutoff date. However, in light of the disruptions in mail delivery caused by the actions of the U.S. Postal Service, the pre-election cutoff date by which voters should mail their ballots to ensure timely delivery is entirely unclear, subjecting voters to arbitrary disenfranchisement.

In light of Act 77's expansion of mail-in voting, and the barriers to in-person voting posed by the COVID-19 pandemic, the number of Pennsylvanians voting by mail will increase dramatically in the upcoming elections. However, their ballots will be subject to the vagaries of the U.S. Postal Service, thereby causing Plaintiff and many Pennsylvanians who vote by mail to face an impermissible risk of arbitrary disenfranchisement, in violation of their constitutional rights.

The disruptions in mail delivery caused by the actions of the U.S. Postal Service require additional protections for voters whose ballots are delayed through no fault of their own. This would ensure that all Pennsylvania voters have reasonable and equal access to the electoral process, and an equal chance to vote by mail during this difficult and unprecedented crisis, by removing unnecessary impediments to voting by mail that will otherwise deny Pennsylvania citizens the free and equal election guaranteed by the United States and Pennsylvania Constitutions.

To protect the right to vote and ensure a meaningful, free, and fair election in the midst of the current pandemic, as required by the United States and Pennsylvania Constitutions, safeguards must be implemented to ensure that all voters have an opportunity to submit mail ballots and to have those ballots counted.

The disruptions in the voting process caused by the actions of the United States Postal Service require that additional voting procedures be implemented which would allow election officials to count mail ballots that arrive after 8:00 p.m. on Election Day due to mail service delays or disruptions.

Otherwise, mail-in ballots will not provide an adequate alternative means for Pennsylvanians to vote in light of the impact of the COVID-19 pandemic on the ability to vote in the November 3, 2020 General Election, leaving Pennsylvania voters subject to widespread disenfranchisement.

Plaintiff therefore requests that the Court enter the Preliminary Injunction requested herein by Plaintiff in order to prevent widespread disenfranchisement and ensure that voters have a meaningful opportunity to participate in the electoral process.

## III.   QUESTIONS PRESENTED:

Should this Honorable Court grant Plaintiff's Motion and issue a Preliminary Injunction against Defendants in accordance with Fed. R. Civ. P. 65?

**SUGGESTED ANSWER:   Yes.**

## IV.   STANDARD OF REVIEW

A party seeking a preliminary injunction must satisfy two factors, namely "that it can win on the merits" and "that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017). In order to satisfy the first requirement, a plaintiff must demonstrate that it "significantly better than

negligible but not necessarily more likely than not" that the movant can prevail. Id. To satisfy the irreparable harm requirement, a party must demonstrate "a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." Adams v. Freedom Forge Corp., 204 F.3d 475, 484–85 (3d Cir. 2000).

Once a party has satisfied the aforesaid factors, relief depends on balancing these two threshold considerations along with the possibility of harm to other interested persons and any public interest. Reilly, 858 F.3d at 176, 179. It is well-settled that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Stilp v. Contino, 613 F.3d 405 (3d Cir. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976)).

## V.     ARGUMENT

This Court should grant Plaintiff's Motion and enter a Preliminary Injunction against Defendants, since Plaintiff has established a right to relief on the merits and further established that irreparable harm will be suffered without preliminary relief.

### A. Plaintiff Established a Right to Relief on the Merits.

Voting is a fundamental right protected by the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment protects the right of qualified citizens to vote in state elections involving federal candidates. Harper v. Virginia State Board of Elections, 383 U.S. 663, 665 (1966). See also Reynolds v. Sims, 377 U.S. 533, 554 (The Fourteenth Amendment protects the "the right of all qualified citizens to vote, in state as well as in federal elections.").

Included within the right to vote is the right of qualified voters within a state to cast their ballots and have them counted, if they are validly cast. United States v. Classic, 313 U.S. 299, 315 (1941). The Fourteenth Amendment protects the right to vote from conduct by state officials

which seriously undermines the fundamental fairness of the electoral process. Marks v. Stinson, 19 F.3d 873, 889 (3d Cir. 1994); Griffin v. Burns, 570 F.2d 1065, 1077-78 (1st Cir. 1978).

Additionally, the Equal Protection Clause prevents the government from treating similarly situated voters differently without a compelling justification for doing so. Bush v. Gore, 531 U.S. 98, 104-05 (2000) ("[H]aving once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."

"[A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction." Gray v. Sanders, 372 U.S. 368, 380 (1963). The requirement of equal treatment is particularly stringently enforced as to laws that affect the exercise of fundamental rights, including the right to vote.

By engaging in the actions and conduct as set forth hereinabove, Defendants have caused the United States Postal Service to infringe upon the right to vote and the equal protection rights of Plaintiff and violate rights guaranteed to Plaintiff and all qualified Pennsylvania voters who seek to vote in the November 3, 2020 General Election, whether in person or by mail. As a result thereof, Plaintiff has established that he can succeed on the merits. Accordingly, this Honorable Court should issue a Preliminary Injunction as requested by Plaintiff.

**B. Plaintiff Will Suffer and Continue to Suffer Irreparable Harm Without Preliminary Relief.**

The operational changes implemented by the United States Postal Service have caused mail delays nationwide, and serious problems will continue to persist despite Defendants' assurances to the contrary.

Defendants' improper changes to the transportation, processing, and delivery of mail threaten irreparable harm to the ability of voters, including Plaintiff, to participate in a free and fair election on November 3, 2020. Many states, including Pennsylvania, have encouraged voters

to use mail-in ballots as an alternative to in-person voting in response to the COVID-19 pandemic. Voting by mail is particularly important for elderly voters and voters with underlying medical conditions, who are at high risk of severe illness from COVID-19.

Should the delays in mail delivery continue through the November 3, 2020 general election, thousands of voters will be disenfranchised through no fault of their own. If a voter receives his or her ballot later than anticipated, he or she will be faced with deciding whether to entrust the ballot to the United States Postal Service for delivery, risk his or her health and safety by delivering the ballot in person or voting in person, or decide not to vote at all.

The harm that Plaintiff and Pennsylvania voters will suffer in the absence of the requested relief is plain: their right to vote in Pennsylvania's November 3, 2020 general election and have their ballots counted will lost forever. This Honorable Court's intervention is amply justified to prevent such harm to the fundamental right to vote. Accordingly, this Honorable Court should issue a Preliminary Injunction as requested by Plaintiff.

**C. The Public Interest Favors Granting Injunctive Relief.**

"If a plaintiff proves 'both' a likelihood of success on the merits and irreparable injury, it 'almost always will be the case' that the public interest favors preliminary relief." Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 143 (3d Cir. 2017) (quoting Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 n.8 (3d Cir. 1994)). In such cases, analyzing whether an injunction favors the public interest is "often fairly routine." Id. (citing Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 730 (3d Cir. 2004)).

It is undoubtedly in the public interest to enjoin the United States Postal Service from continuing its illegal and unconstitutional actions in order to restore the status quo regarding the handling of ballots and election mail which existed prior to the implementation of the recent

policy and operational changes. As a result of the COVID-19 pandemic, the November 3, 2020 general election will involve voting by mail by more persons than have done so in previous elections.

The delays in the mail created by the actions of Defendants clearly demonstrates that "there is a substantial risk that citizens will be disenfranchised" absent an injunction. League of Women Voters of United States v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016). Moreover, actions which "create a disincentive for citizens who would otherwise attempt to register to vote" weigh in favor of granting an injunction. Id. at 13.

It is also undoubtedly in the public interest to permit as many qualified voters as possible to vote in the November 3, 2020 general election, whether by expanded mail-in voting or otherwise. The United States Postal Service should not be permitted to sidestep its longstanding role in the electoral process to ensure that mail-in ballots and election mail are delivered to the intended recipients in a timely manner. The actions of Defendants have delayed and will continue to delay the mail if not enjoined, thereby disenfranchising voters who are entitled to have their ballots counted if those ballots are returned too late to be counted by election officials.

As a result, the public interest favors and requires that an injunction be issued to protect the fundamental right to vote which exists under both the United States and Pennsylvania Constitutions. This Honorable Court should therefore restore the status quo until the final resolution of this matter by issuing a Preliminary Injunction as requested by Plaintiff.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion and enter a Preliminary Injunction against Defendants.

         Respectfully Submitted,

DATE: 9/18/20     BY: /s/ Michael T. van der Veen\_\_\_\_\_
         Michael T. van der Veen, Esq.
         Attorney for Plaintiff
         Attorney ID No. 75616
         1219 Spruce Street
         Philadelphia, PA 19107
         P: 215-546-1000
         F: 215-546-8529
         E: mtv@mtvlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELVIN JOHNAKIN, individually and on behalf of all others similarly situated | : |
| Plaintiff, | : Case No. 2:20-CV-04055 |
| vs. | : |
| UNITED STATES POSTAL SERVICE, LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service, DONALD J. TRUMP, in his official Capacity as President of the United States of America | : |
| Defendants. | : |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Plaintiff's Motion for Preliminary Injunction was filed and served upon all counsel electronically via the Court's electronic filing system and/or via First Class United States Mail, postage pre-paid.

                                         Respectfully Submitted,

DATE: 9/18/20              BY: /s/ Michael T. van der Veen\_\_\_\_\_
                                         Michael T. van der Veen, Esq.
                                          Attorney for Plaintiff
                                          Attorney ID No. 75616
                                          1219 Spruce Street
                                          Philadelphia, PA 19107
                                          P: 215-546-1000
                                          F: 215-546-8529
                                          E: mtv@mtvlaw.com