## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN JOHNAKIN, individually and on behalf of all others similarly situated | : : : | |
| Plaintiff, | : : | Case No. 2:20-CV-04055 |
| vs. | : : | |
| UNITED STATES POSTAL SERVICE, LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service, DONALD J. TRUMP, in his official Capacity as President of the United States of America | : : : : : : : | |
| Defendants. | : : | |

## <u>PROPOSED DISCOVERY PLAN UNDER RULE 26(f)</u>

The parties have met and conferred pursuant to Rule 26(f) and submit the following proposed discovery plan pursuant to Rule 26(f):

### I. Rule 26(a) Disclosures

Plaintiff anticipates completing the self-executing disclosures on September 29, 2020, as required by Rule 26(a).

In light of the material already produced in these related cases, Defendants suggest dispensing with initial disclosures.  In the alternative, in light of pending schedules in related cases, Defendants request that initial disclosures be completed on or before October 16, 2020

### II. Discovery Subjects

A. Counsel agree that the subjects for discovery include: 1) liability for the conduct of Defendants which forms the basis of Plaintiff's claims; 2) the nature and extent of Plaintiff's injury; 3) Defendants' current policies and procedures regarding the operation, idling and/or removal of mail-sorting machines and mail boxes; 4) Defendants' current policies and procedures for receiving, processing and delivering ballots, election mail and election-related mail; 5) Defendants' current policies and procedures for implementing operational and/or policy changes; 6) Defendants' current policies and procedures for the reduction and/or elimination of staff hours, overtime, late trips or extra trips; 7) the basis for the implementation of changes to the operations of the United States Postal Service, as well as its policies and procedures, since May 2020; and 8) other issues attendant to the claims at issue in this matter.

B. Counsel anticipate that the following depositions will be necessary (identify parties if known at this point): 1) Parties hereto; 2) designee of the United States Postal Service; 3) other individuals to be identified in the course of discovery.

C. Defendants object to the deposition of Donald J. Trump and Louis DeJoy, and further object to a Rule 30(b)(6) deposition at this time.

### III. Pretrial Timetable

A. Due to the time-sensitive nature of Plaintiff's claims, Plaintiff does not agree to the entry of the default scheduling order included with the Notice filed by the Court on September 3, 2020.

B. Plaintiff requests a close of discovery date of October 2, 2020 in this urgent matter of the utmost importance, as it involves the fundamental right to vote. The sanctity of the fundamental right to vote in the November 3, 2020 general election requires expeditious consideration of the claims and issues raised by Plaintiff in advance of the election. As a result, discovery must be completed expeditiously in this matter so that the Court can fully consider Plaintiff's claims and issue a decision prior to the November 3, 2020 general election.

C. Defendants have not yet been served in accordance with Federal Rule of Civil Procedure 4(i). The time for Defendants to Answer or file a motion in accordance with Rule 12 will not run until sixty days after the date of service. *See* Fed. R. Civ. P. 12(a)(2).

This case is one of twelve related cases, all challenging the United States Postal Service's purported conduct related to the 2020 Election. All have the same factual underpinnings: a series of purported operational changes and changes to Election Mail that the Postal Service allegedly made over the last few months. A number of these cases are already at an advanced stage of proceedings. In one, *State of Washington v. Trump*, 20-cv-3127-SAB (E.D. Wash.), the Court has already entered a nationwide preliminary injunction. In another, *Pennsylvania v. DeJoy*, No. 20-cv-4096-GAM (E.D. Pa.), currently pending before Judge McHugh, the Court has ordered expedited discovery, the parties have fully briefed a motion for preliminary injunction, and the Court has scheduled a hearing on September 24, 2020. In a third case, *Jones v. United States Postal Service*, 20-cv-65160VM (S.D.N.Y.), which raises the same constitutional claim by a similarly situated political candidate, the Court held an evidentiary hearing on September 16, 2020, which included cross-examination of several senior USPS officials. Furthermore, motions for expedited discovery are currently pending in three cases in the United States District Court for the District of Columbia. In all of these cases (and in another four cases in which preliminary injunction motions have been fully briefed), the Defendants have submitted extensive factual declarations, which collectively address all of the subjects for which Plaintiff seeks discovery. In addition, Defendants have responded, and continue to respond, to interrogatories, and have produced, and will continue to produce, documents.

Plaintiff's desire to fully complete discovery in ten days is simply not possible, particularly given the competing litigation demands of these other cases (including another case pending before Judge McHugh). Moreover, Defendants have not yet had the opportunity to file a motion to dismiss under Federal Rule 12(b), which will raise Article III standing defenses and also establish that Plaintiff's constitutional theory does not state a claim. "Without jurisdiction the court cannot

proceed at all in any cause," much less authorize expedited and burdensome discovery into the merits of Plaintiffs' claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981) ("A court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only.").

In light of Plaintiff's stated desire to resolve this case expeditiously, Defendants propose the following timeline:

- Defendants will provide Plaintiff discovery produced in the parallel litigation, as well as declarations filed in support of their oppositions to Plaintiff's motions.
- As Plaintiff has moved for a preliminary injunction, Defendants will oppose that motion within the timeframe set by the Local Rules and/or further Order of this Court.
- Upon the resolution of the motion for a preliminary injunction, Defendants shall file a motion to dismiss within the time frame established by Federal Rule 12(a)(2).

Given the burden imposed by depositions – as the potential witnesses are those individuals who are currently in charge of the Postal Service's operations, particularly with regard to Election Mail, as well as with complying with a nationwide preliminary injunction entered in *Washington v. Trump* (E.D. Wash), which as of this report remains in effect. Defendants propose that depositions and other written discovery be deferred pending the resolution of Defendants' anticipated motion to dismiss. If the motion to dismiss is not granted in full, Defendants suggest the parties submit a proposed discovery plan to the Court.

### IV. Alternative Dispute Resolution

A. Plaintiff agrees that a settlement conference should be conducted in this matter. Defendants do not agree that a settlement conference would be productive in this matter.

B. The settlement conference should be scheduled as soon as practicable by the Court when considering the schedules of Counsel, the Parties and the Court.

### V. Other Pretrial Issues

Plaintiff requests that a hearing be scheduled on the request for the issuance of a preliminary injunction set forth in Plaintiff's Complaint and Plaintiff's Motion for Preliminary Injunction within the next ten days so a decision can be issued prior to the November 3, 2020 general election.

Respectfully submitted,

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN

DATE: 9/21/20                   BY: /s/ Michael T. van der Veen_____
                                    Michael T. van der Veen
                                    Attorney for Plaintiff
                                    Attorney ID No. 75616
                                    1219 Spruce Street
                                    Philadelphia, PA 19107
                                    P: 215-546-1000
                                    F: 215-546-8529
                                    E: mtv@mtvlaw.com




                                JEFFREY BOSSERT CLARK
                                Acting Assistant Attorney General

                                WILLIAM M. McSWAIN
                                U.S. Attorney for the Eastern District of Pennsylvania

                                ERIC WOMACK
                                Assistant Branch Director, Federal Programs Branch

                                /s/ Kuntal Cholera_____
                                JOSEPH E. BORSON
                                KUNTAL V. CHOLERA
                                Trial Attorney
                                U.S. Department of Justice
                                Civil Division, Federal Programs Branch
                                1100 L Street, NW
                                Washington, D.C. 20005
                                kuntal.cholera@usdoj.gov

                                *Attorneys for Defendants*