# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELVIN JOHNAKIN, individually and on behalf
of all others similarly situated                     :

                                               Plaintiff,     :     Case No. 2:20-CV-04055

vs.

UNITED STATES POSTAL SERVICE,
LOUIS DEJOY, in his official capacity as
Postmaster General of the United States Postal
Service, DONALD J. TRUMP, in his official
Capacity as President of the United States of
America

                                  Defendants.     :

## JOINT STIPULATION TO STAY CASE IN LIGHT OF SETTLEMENT AGREEMENT

AND NOW, this 8th day of October, 2020, the Parties hereto, by and through their undersigned counsel, hereby stipulate and agree to stay this case in light of the agreement between the parties to settle this case.  *See* attached Settlement Agreement.  The Parties further move that this Court stay all deadlines in this proceeding pending further motion of the parties and/or the entry of a stipulation of dismissal.  As provided in the attached Settlement Agreement, this Court retains jurisdiction to enforce the terms of this agreement until the dismissal of this case in accordance with the Parties' agreement.

Respectfully submitted,

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN

DATE: October 8, 2020      BY: /s/ Michael T. van der Veen
                                Michael T. van der Veen
                                Attorney for Plaintiff
                                Attorney ID No. 75616
                                1219 Spruce Street
                                Philadelphia, PA 19107
                                P: 215-546-1000
                                F: 215-546-8529
                                E: mtv@mtvlaw.com

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

WILLIAM M. McSWAIN
U.S. Attorney for the Eastern District of Pennsylvania

ERIC WOMACK
Assistant Branch Director, Federal Programs Branch

*/s/ Joseph E. Borson*
JOSEPH E. BORSON
KUNTAL V. CHOLERA
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 514-1944
Joseph.Borson@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELVIN JOHNAKIN, individually and on behalf of all others similarly situated | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-CV-04055 |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service, DONALD J. TRUMP, in his official Capacity as President of the United States of America | : | |
| | : | |
| Defendants. | : | |

**[PROPOSED] ORDER**

Pursuant to the parties' stipulation, IT IS HEREBY ORDERED that all deadlines in this action are STAYED pending further Order of the Court or the dismissal of this action.

_____

Honorable Gerald Austin McHugh

United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELVIN JOHNAKIN, individually and on behalf of all others similarly situated | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-CV-04055 |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service, DONALD J. TRUMP, in his official Capacity as President of the United States of America | : | |
| | : | |
| Defendants. | : | |

## <u>AGREEMENT</u>

AND NOW, this 8th day of October, 2020, Plaintiff and Defendants hereby agree as set forth herein.

WHEREAS Plaintiff has brought this suit seeking to enjoin certain operational changes allegedly implemented by the United States Postal Service ("USPS"), so that such changes would not affect the 2020 November Election.

WHEREAS Defendants have implemented Operating Instructions and Supplemental Guidance making clear that the operational changes of which Plaintiff complains have been and will be resolved until after the 2020 November Election.

WHEREAS the Parties have reached agreement on a means to resolve this lawsuit without the cost and burden of additional litigation.

The Parties therefore enter into the following agreement:

1. Defendants shall comply with the "Clarifying Operational Instructions" issued on September 21, 2020, and as required by the Order entered by this Court on September 28, 2020 (ECF No. 63) in *Commonwealth of Pennsylvania v. DeJoy et al.*; No. 2:20-CV-04096 (E.D. Pa.

Sept. 28, 2020) (McHugh, J.), attached hereto as Exhibit "A."  These include, but are not limited to, restrictions on the reductions of retail hours, the removal of collection boxes, the closure or consolidation of mail processing facilities, the removal of mail sorting machines, the policy establishing that "late or extra trips that are reasonably necessary to complete timely mail delivery [are] not to be unreasonably restricted or prohibited," and that overtime is not banned or newly restricted, and that hiring is permitted for Craft positions pursuant to the applicable collective bargaining agreement, subject to the time limitations provided in Paragraph 7.

2. Defendants shall comply with the "Additional Resources for Election Mail Beginning October 1" issued on September 25, 2020, attached hereto as Exhibit "B", and shall not deviate from the same except as authorized by this Court, subject to the time limitations provided in Paragraph 7.

3. Defendants shall prioritize the delivery of Election Mail[1] in a timely manner consistent with the long-standing practices of the United States Postal Service.

4. Defendants shall simultaneously provide Plaintiff with copies of any submissions made to this Court as required by the Order entered by this Court on September 28, 2020 (ECF No. 63) in *Commonwealth of Pennsylvania v. DeJoy et al.*; No. 2:20-CV-04096 (E.D. Pa. Sept. 28, 2020) (McHugh, J.).

5. This Court shall retain jurisdiction over this matter to ensure that Defendants comply with this Court's directives and this Agreement.

6. Prior to bringing any dispute regarding compliance with the Court's directives and this Agreement to the Court's attention, Plaintiff shall submit written notice alleging a breach of this Agreement to counsel for Defendants by electronic mail.  Such notice shall specify precisely the

---

[1] For purposes of this Agreement, the term "Election Mail" shall refer to any item mailed to or from authorized election officials that enables citizens to participate in the voting process, including voter registration materials, absentee or mail-in ballot applications, polling place notifications, blank ballots, and completed ballots.

basis for the alleged breach, and shall describe with particularity all of the facts and circumstances supporting such claim.  Defendants shall have a period of forty-eight (48) hours after the receipt of such notice described in Paragraph 6, *supra*, to take appropriate action to resolve the alleged claim.  Plaintiff may not bring any dispute regarding an alleged breach to the Court until the expiration of the forty-eight (48) hour period discussed above.

7. The Parties agree that they shall jointly move that all deadlines in this action shall be stayed during the period that this Agreement is in effect.  The Parties further agree that they will voluntarily dismiss this action with prejudice on November 10, 2020, assuming that there are no unresolved disputes pending on that date as to Defendants' compliance with the Court's directives and this Agreement which were brought by Plaintiff in accordance with Paragraph 6, *supra*.  As of the date of the dismissal of this action, all obligations under this Agreement expire concurrent with the dismissal of this action.

8. Nothing in this Settlement Agreement shall constitute or be construed to constitute an admission of any wrongdoing or liability by Defendants, an admission by Defendants of the truth of any allegations or the validity of any claim asserted in this Action, or a concession or admission by Defendants of any fault or omission of any act or failure to act.

9. Each Party shall bear its own costs, fees, and expenses.

10. The terms of the numbered paragraphs of this Settlement Agreement constitute the entire Settlement Agreement of the Parties, and no statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced.

11. The Parties acknowledge that this Settlement Agreement constitutes a negotiated compromise.  The Parties agree that any rule of construction under which any terms or latent ambiguities are construed against the drafter of a legal document shall not apply to this Settlement Agreement.  This Settlement Agreement shall be construed in a manner to ensure its consistency with federal law.  Nothing contained in this Settlement Agreement shall impose upon Defendants

any duty, obligation, or requirement, the performance of which would be inconsistent with federal statues, rules, or regulations in effect at the time of such performance.

12. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.


FOR THE PARTIES:

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN

DATE: October 8, 2020          BY: /s/ Michael T. van der Veen_____
                                    Michael T. van der Veen
                                    Attorney for Plaintiff
                                    Attorney ID No. 75616
                                    1219 Spruce Street
                                    Philadelphia, PA 19107
                                    P: 215-546-1000
                                    F: 215-546-8529
                                    E: mtv@mtvlaw.com


                                    JEFFREY BOSSERT CLARK
                                    Acting Assistant Attorney General

                                    WILLIAM M. McSWAIN
                                    U.S. Attorney for the Eastern District of Pennsylvania

                                    ERIC WOMACK
                                    Assistant Branch Director, Federal Programs Branch

                                    /s/ Kuntal Cholera_____
                                    JOSEPH E. BORSON
                                    KUNTAL V. CHOLERA
                                    Trial Attorney
                                    U.S. Department of Justice
                                    Civil Division, Federal Programs Branch
                                    1100 L Street, NW
                                    Washington, D.C. 20005
                                     (202) 514-1944
                                     joseph.borson@usdoj.gov

                                    *Attorneys for Defendants*